UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HOWARD JAMES JACKSON,

        Petitioner,

vs.                                Case No. 3:19-cv-449-BJD-PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

## I.   INTRODUCTION

Petitioner is proceeding on a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) challenging his state court (Duval County) conviction for attempted murder in the first degree. Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. 8), and Petitioner filed a Reply to the State's Response (Reply) (Doc. 11). Petitioner raises nine grounds in the Petition.   Respondents contend a part of ground four is unexhausted and procedurally defaulted.   Response at 54-55.[1]

---

[1] Respondents filed Exhibits to Response to Petition for Writ of Habeas Corpus (Doc. 8).   The Court will hereinafter refer to the exhibits as "Ex."   The page numbers referenced are the Bates stamp numbers at the bottom of each page of the exhibit.   Otherwise, the page number on the document will be referenced.   For the Petition, Response, and Reply, the Court references the page numbers assigned by the electronic filing system.

## II.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).   To be entitled to an evidentiary hearing, a petitioner must allege "facts that, if true, would entitle him to relief." Martin v. United States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

If the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing. Martin, 949 F.3d at 670 (quotation and citation omitted).   Here, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, this Court can "adequately

assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Upon review, Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief; therefore, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a very deferential framework, limiting the power of federal courts to grant relief if a state court denied a claim on its merits. Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in

criminal cases").   It is well understood that relief is limited to occasions where the state court's decision:

> "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts."   <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case."   <u>Id</u>. at 413, 120 S. Ct. 1495.

<u>Lee</u>, 987 F.3d at 1017-18.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'"   <u>Shinn v. Kayer</u>, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).   Also, a state court's

4

finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."   Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact.   Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).   Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."   Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), petition for cert. filed, (U.S. Feb. 27, 2021) (No. 20-7589).   As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.   Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then

presume that the unexplained decision adopted the same reasoning." <u>Wilson</u> <u>v. Sellers</u>, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part <u>Strickland</u>[v. Washington, 466 U.S. 668 (1984)] standard." <u>Knight</u> <u>v. Fla. Dep't of Corr.</u>, 958 F.3d 1035, 1038 (11th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 2471 (2021).   To prevail on a claim of ineffective assistance of counsel, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" <u>Raheem v. GDCP Warden</u>, 995 F.3d 895, 908 (11th Cir. 2021) (quoting <u>Strickland</u>, 466 U.S. at 687).   As both components under <u>Strickland</u> must be met, failure to meet either prong is fatal to the claim.   <u>Raheem</u>, 995 F.3d at 908 (citation omitted).

The Eleventh Circuit warns:

> because "[t]he standards created by <u>Strickland</u> and § 2254(d) are both 'highly deferential,' . . . when the two apply in tandem, review is 'doubly' so.   <u>Harrington</u> [v. <u>Richter</u>, 562 U.S. 86, 105 (2011)] (internal citations and quotation omitted).   Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable.   The question is whether there is any

6

> reasonable   argument   that   counsel   satisfied
> <u>Strickland</u>'s deferential standard."   <u>Id</u>.

<u>Tuomi v. Sec'y, Fla. Dep't of Corr.</u>, 980 F.3d 787, 795 (11th Cir. 2020), <u>cert.</u> <u>denied</u>, 141 S. Ct. 1721 (2021).

With respect to an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). The ineffective assistance of counsel may require a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension.   <u>Finch v.</u> <u>Vaughn</u>, 67 F.3d 909, 914 (1995) (citations omitted).

This Court must be mindful that in a post-conviction challenge to a guilty plea, the representations of the defendant, his counsel, and the prosecutor at the plea hearing, plus the findings of the judge, constitute "a formidable barrier."   <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977).   Indeed, a defendant's solemn declarations in open court carry a strong presumption of verity.   Thus, later contentions by a defendant contrary to the record may be deemed wholly incredible based on the record.

## V.   EXHAUSTION AND PROCEDRUAL DEFAULT

Respondents contend ground four, in part, is unexhausted and procedurally defaulted.   The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[2] supra, at 747-748, 111 S. Ct. 2546; Sykes,[3] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

---

2  Coleman v. Thompson, 501 U.S. 722 (1991).

3  Wainwright v. Sykes, 433 U.S. 72 (1977).

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies.   Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982).   A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'"   Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750).   To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.   Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must demonstrate prejudice.     To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."   Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).   The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   <u>Kuenzel v. Comm'r, Ala. Dep't of Corr.</u>, 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert. denied</u>, 569 U.S. 1004 (2013).

In ground four, Petitioner raises the following claim: "Petitioner's plea was involuntary where the plea was under influence by counsel's coercion, depriving him of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution."   Petition at 12. In support, Petitioner contends his court appointed attorney, Bryan E. Neal, said if Petitioner lost at trial, he would surely receive a life sentence.   <u>Id</u>. Petitioner also claims his counsel was unprepared for trial.   <u>Id</u>.   Petitioner asserts, "[i]t was the counsel['s] certainty of a life sentence and fear of counsel's unpreparedness that unduly influenced/coerced Petitioner to enter into his guilty plea[.]" <u>Id</u>. at 13.

Respondents contend Petitioner, in his state post-conviction proceeding, never mentioned his current contention that counsel was unprepared, coercing Petitioner into entering the guilty plea.   Response at 53.   Petitioner concedes

that he did not present the claim in the state courts.   Reply at 24.   Thus, the Court finds this part of ground four is unexhausted and procedurally defaulted.

Conceding procedural default, Petitioner argues his procedural default should be excused based on the reasoning of <u>Martinez</u> because he did not have post-conviction counsel.   Reply at 26.   Apparently, Petitioner contends that the procedural default was caused by the lack of post-conviction counsel, the collateral proceeding was the first opportunity to raise the procedurally defaulted claim, and the procedurally defaulted claim, a portion of ground four, has some merit.

Of import, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."   <u>Martinez</u>, 566 U.S. at 17.   Petitioner relies on <u>Martinez</u> and asks that the default of the unexhausted portion of ground four be excused pursuant to <u>Martinez</u>.

Per <u>Martinez</u>, this Court must ask whether this Petitioner has satisfied the standard for excusing a default.   Petitioner blames his failure to raise this contention in his Rule 3.850 motion on the fact that he had no post-conviction

counsel.   Pursuant to the holding of <u>Martinez</u>, Petitioner contends the unexhausted portion of ground four has some merit, that is, he can demonstrate the underlying ineffective assistance of counsel claim is substantial.

<u>Martinez</u> provides a narrow, equitable, non-constitutional exception to the holding in <u>Coleman</u>.   To the extent Petitioner claims his procedural default should be excused based on the narrow exception under <u>Martinez</u>, Petitioner must demonstrate the underlying ineffectiveness claim is substantial.   To meet this requirement, Petitioner must demonstrate the claim has some merit.   <u>Martinez</u>, 566 U.S. at 14.   In this instance, the underlying ineffectiveness claim lacks merit; therefore, Petitioner has not demonstrated he can satisfy an exception to the procedural bar.   Hereinafter, the Court will provide a merits analysis for that portion of ground four at issue: fear of counsel's unpreparedness unduly influenced/coerced Petitioner into entering a guilty plea.

## VI.   GROUNDS ONE, EIGHT, NINE

Ground One:   Petitioner was denied effective assistance of counsel under the Sixth Amendment of the United States Constitution by counsel's failure to file a notice of expiration of speedy trial and a motion to discharge upon the state filing of an amended and second amended information charging a new offense after the speedy trial period.

> Ground Eight:   Petitioner was denied effective assistance of counsel by counsel's refusal to file motion to discharge as instructed by Petitioner.

> Ground Nine:   Petitioner was denied effective assistance of counsel by counsel's failure to file motion to discharge after the speedy trial time expired allowing the state time to prepare for trial.

Petition at 4, 22, 26.   The parties addressed these three related grounds together, and the Court will do the same.   Response at 28-39; Reply at 8-17.

Petitioner raised comparable claims in grounds one, eight, and nine of his amended Rule 3.850 motion, exhausting his state court remedies.   Ex. JJ at 51-57, 78-84.   Petitioner appealed the denial of these grounds.   Id. at 214. The First District Court of Appeal (1st DCA) affirmed per curiam.   Ex. KK. The mandate issued on April 10, 2019.   Id.

Upon review, the 1st DCA's decision is entitled to AEDPA deference. The Court finds the state court's determination is consistent with federal precedent.   Grounds one, eight, and nine are due to be denied as the state court's adjudication of these claims is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts.   As such, the Court finds Petitioner is not entitled to habeas relief on grounds one, eight, and nine.

The circuit court identified and employed the two-pronged <u>Strickland</u> standard.   Ex. JJ at 114-18.   The court found that all three claims were interrelated and concerned the allegation that counsel failed to file a motion to discharge or a notice of expiration of speedy trial.   <u>Id</u>. at 115.   The court noted Petitioner made allegations that his counsel was ineffective for failure to file a motion to discharge after the state amended the information and for seeking continuances Petitioner did not want, resulting in a waiver of Petitioner's speedy trial rights.   <u>Id</u>.

In addressing these grounds, the court made very particular findings of fact, relying on Florida speedy trial law.   It found:

> The Defendant was arrested on December 5, 2007, and charged on December 21, 2007, with two felonies. The speedy trial period would have expired 175 days after December 5, 2007, namely on May 28, 2008. However, on April 28, 2008, the Defendant filed a notice of extension stating that speedy trial was extended to July 29, 2008.   The Defendant personally signed this document, along with his counsel.   (Ex. P). Under Florida Rule of Criminal Procedure 3.191(j), parties may stipulate to an extension of the speedy trial period.   A Court order dated January 3, 2013, makes it clear the Court did not regard this extension as meaning the speedy trial period ended on July 29, 2008.   Rather, it regarded the extension as tolling the counting from April 28, 2008, to July 29, 2008, with the count resuming on July 29 and running to the end of 175 days on September 4, 2008.

> Since speedy trial had been extended to September, the State's first amendment of the information on August 12, 2008, occurred within the period and there would have been no basis for seeking discharge on the grounds that speedy trial had run. In any event, the State later dropped the aggravated assault count added by this amendment.

Id. at 116 (footnote omitted).

The court explained:

> As for the second amended information, filed on March 21, 2011, the speedy trial period had long since run. After this amended information was filed, the Defendant filed two *pro se* motions for discharge on June 5, 2012, and June 19, 2012. (Ex. O, S). He alleged that the State violated his speedy trial rights by amending the information after the speedy trial period had run. The Court entered an order denying the motions. (Ex. Q). The order documented the continuances the Defendant had requested subsequent to the issuance of the first information. It concluded that these continuances had resulted in a waiver of speedy trial. The Defendant's appeal of this order was dismissed.

Id. at 116-17.

The court, denying post-conviction relief, found counsel could not be deemed ineffective for failure to file a baseless motion, seeing that Petitioner had filed unsuccessful *pro se* motions for discharge. Id. at 117. Indeed, a defense attorney need not make meritless motions that would not have obtained relief. Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019). In

15

essence, the trial court found Petitioner failed to satisfy the performance prong of <u>Strickland</u>; therefore, Petitioner could not prevail on his claim of ineffective assistance of counsel.

Further, the court held that counsel was not ineffective for filing a motion for continuance as the motion was justified by counsel's need to investigate the case by taking depositions, filing discovery, and undertaking an investigation into Petitioner's mental health.   Ex. JJ at 117.   The court found no basis for counsel to seek discharge once the continuance was granted as speedy trial had been waived and the state was free to amend the information.   <u>Id</u>. at 118.   Importantly, the court determined, at the time of the plea, Petitioner was aware of the speedy trial issue, and by entering his plea without reservation to appeal the issue, he waived it.   <u>Id</u>.

In conclusion, the court reasoned:

> Relief on the ground that counsel was ineffective for failing to file a motion to discharge on the amended information is denied.   The Defendant's *pro se* motions to discharge were denied and counsel would not have been any more successful.   The Court also denies relief on the claim that counsel was ineffective for seeking continuances allegedly against the Defendant's wishes since the record demonstrates counsel had significant problems to overcome before proceeding to trial and reasonably sought a continuance.

<u>Id</u>.

The trial court found counsel's conduct reasonable under the circumstances presented.  The 1st DCA affirmed.  The record supports the state courts' conclusions, showing counsel's performance was well within the broad range of reasonable assistance under prevailing professional norms. <u>Strickland</u>.  Without satisfying the performance prong, Petitioner cannot meet the <u>Strickland</u> standard.

As the Eleventh Circuit has instructed, "state law is what the state courts say it is."  <u>Pinkney v. Sec'y, DOC</u>, 876 F.3d 1290, 1299 (11th Cir. 2017), <u>cert. denied</u>, 139 S. Ct. 193 (2018).  Indeed, "it is not a federal court's role to examine the propriety of a state court's determination of state law."  <u>Id</u>.  Therefore, this Court will not reexamine state-court determinations on state-law questions.

As such, what the state court says is the law concerning state law speedy trial provisions will not be reconsidered by this Court.  The state court interpreted Florida's speedy trial rule, examined the limited waiver of speedy trial, and decided speedy trial had been waived or continuances sought, meaning any motion for discharge filed by counsel would have been denied as meritless.

The state court's interpretation of state law is binding upon this Court; "[t]his Court cannot therefore overturn the state court's determination of state

17

law, even if its determination is intertwined with an ineffective assistance of counsel claim under the Sixth Amendment." <u>Devers-Division v. Sec'y, Dep't of Corr.</u>, No. 8:14-cv-388-KKM-JSS, 2021 WL 2581609 (M.D. Fla. June 23, 2021).   Furthermore, in Florida, the right to speedy trial is waived either when the defendant or his attorney requests a continuance.   <u>Dillard v. Sec'y, DOC</u>, 440 F. App'x 817, 820 (11th Cir. 2011) (per curiam) (recognizing such waiver by counsel binding on defendant even if done without consultation or against the defendant's wishes).   Of course, here, the state court found good cause for counsel to seek continuances as counsel needed the time to investigate and prepare the case.

Of significance for this case, Petitioner entered a plea of guilty.   In doing so, he waived all non-jurisdictional challenges to the constitutionality of the conviction.   <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam) (citing <u>Bradbury v. Wainwright</u>, 658 F.2d 1083, 1087 (5th Cir. Unit B, 1981)).   "A speedy trial violation is nonjurisdictional."   <u>United States v. King</u>, 450 F. App'x 794, 802 (11th Cir. 2011) (per curiam) (citing <u>United States v. Yunis</u>, 723 F.2d 795, 796 (11th Cir. 1984)).   Consequently, Petitioner waived all non-jurisdictional defects and has no standing to urge the Court to address the speedy trial issue.   <u>White v. State</u>, 273 So. 2d 782, 783 (Fla. 2nd DCA 1973).   See <u>Graulich v. State</u>, 287 So. 2d 114 (Fla. 3d DCA 1973) (per curiam)

(same).   In pleading guilty, Petitioner waived review of any speedy trial violation.   Thus, Petitioner is not entitled to habeas relief on grounds one, eight, and nine.

## VII.   GROUNDS TWO, SIX, SEVEN

> Ground Two:   Petitioner was denied effective assistance of counsel under the Sixth and Fourteenth Amendment[s] to the United States Constitution by counsel's failure to place the court on notice of a discovery violation and request a Richardson[4] hearing.

> Ground Six:   Counsel rendered assistance that was less than effective assistance by requesting a continuance to prepare for trial without a complete discovery after the extended speedy trial time had expired forfeiting his speedy trial rights and his rights to discharge.

> Ground Seven:   Defense counsel rendered ineffective assistance of counsel by failing to request continuance to be charged to the state and request a Richardson hearing after being made aware of extremely late discovery under the Sixth and Fourteenth Amendment[s] to the United States Constitution.

Petition at 7, 17, 19.

The parties addressed these related grounds together, and so will the Court.   Response at 39-47; Reply at 18-23.   Notably, Petitioner raised comparable claims in grounds two, six, and seven of his amended Rule 3.850

---

[4]   <u>Richardson v State</u>, 246 So. 2d 771 (Fla. 1971) (a <u>Richardson</u> hearing is one that addresses discovery violations and noncompliance with discovery requests).

motion, exhausting his state court remedies.   Ex. JJ at 58-62, 66-78.

Petitioner appealed.   Id. at 214.   The 1st DCA affirmed.   Ex. KK.

To the extent that the 1st DCA decided the claims on their merits, the

Court will address the claims in accordance with the deferential standard for

federal court review of state court adjudications.   After review of the record

and applicable law, the Court concludes that the state court's adjudication of

these claims was not contrary to clearly established federal law, did not involve

an unreasonable application of clearly established federal law, and was not

based on an unreasonable determination of the facts considering the evidence

presented in the state court proceedings.   As such, Petitioner is not entitled to

habeas relief on grounds two, six, and seven.

The record demonstrates the trial court relied on the two-pronged

Strickland standard.   Ex. JJ at 114, 119-21.   The court concisely summarized

Petitioner's contentions:

> The Defendant contends counsel was ineffective
> for filing a motion to continue when she should have
> instead filed a notice of expiration of speedy trial
> under Florida Rule of Criminal Procedure 3.191(p) and
> asked for a Richardson hearing to address the State's
> failure to timely provide discovery.   He argues this
> strategy would have resulted in the continuance being
> charged to the State, would have caused the fifteen-
> day recapture period to run, and thus would have
> resulted in his discharge.

Id. at 119 (footnote omitted).

In denying Petitioner's claims, the circuit court held:

> The Court cannot now assume that, even if counsel had requested a Richardson hearing and the Court had found a discovery violation, a continuance would have been charged to the State so as to cause the recapture period to expire.  This option would have been the Court's last resort.  Wilson.[5]  The Court would have first been required to analyze what prejudice was caused to the Defendant and, if prejudice was established, how it could be remedied short of discharge, such as granting a short continuance within the recapture period or excluding some witnesses or evidence.  The Defendant fails to provide reasons to believe that these other options were not available.   Given the fact that discharge was not a foregone conclusion or even a likely one, it is too speculative to assume a discharge would have resulted had counsel filed a notice of expiration.   "Post-conviction relief cannot be based on speculation or possibility."  Maharaj v. State, 778 So. 2d 944, 951 (Fla. 2000).   Relief on these grounds are denied.

Ex. JJ at 121.

Florida courts are the expositors of the state's laws.    As noted above, this Court will not reexamine state-court determinations on state-law questions concerning speedy trial as state law is what the state court says it is.   Thus, this Court is bound by the state court's interpretation of its law.

---

5 State v. Wilson, 164 So. 3d 129 (Fla. 1st DCA 2015).

Petitioner's speculative claim that discharge was the inevitable result if counsel had filed a notice of expiration of speedy trial and requested a <u>Richardson</u> hearing concerning untimeliness of the provision of discovery is "not entitled to federal habeas relief."[6]  <u>Yisrael v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:15-cv-1360-J-34JRK, 2018 WL 5014553, at *6 (M.D. Fla. Oct. 16, 2018) (not reported in F. Supp.) (relying on <u>Fayson v. Sec'y, Fla. Dep't of Corr.</u>, 568 F. App'x 771, 774 (11th Cir. 2014) (per curiam) (finding failure to establish prejudice under <u>Strickland</u> based on mere speculation)).  <u>See</u> <u>Mulligan v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:16-cv-1006-J-34JBT, 2019 WL 587590, at *13 (M.D. Fla. Feb. 13, 2019) (not reported in F. Supp.) (acknowledging habeas relief not warranted on basis of tenuous speculation).   Indeed, habeas relief is not warranted in circumstances of pure speculation.   <u>See</u> <u>Buckley v. Sec'y, Dep't of Corr.</u>, No. 8:15-cv-1068-T-23SPF, 2019 WL 630335, at *13 (M.D. Fla. Feb. 14, 2019) (not reported in F. Supp.) (finding the petition failed to show prejudice and no entitlement to habeas relief based on speculation); <u>Reddick v.</u>

---

[6] In a <u>Richardson</u> hearing, the court determines whether a discovery violation resulted in harm or prejudice to the defendant, inquiring into the surrounding circumstances such as whether the violation of a discovery rule was inadvertent or willful, whether the violation was trivial or substantial, and what effect the violation had upon the defendant's ability to prepare for trial.  <u>Richardson</u>, 246 So. 2d at 775.  As reflected in defense counsel's motion for continuance, counsel did not consider the state's belated provision of discovery willful. Ex. I at 1 ("Discussion with the Assistant State Attorney makes it clear that this late discovery was inadvertent on their part, however, Counsel for the Defense needs additional time in order to adequately and competently prepare for a trial in this matter.").

Petrovsky, No. 8:01-CV-2468-T-30TBM, 2005 WL 2277585, at *6 (M.D. Fla. Sept. 19, 2005) (not reported in F.Supp.2d) (concluding speculation regarding how the trial court would have ruled had a demand for speedy trial been presented fails to satisfy the prejudice prong under Strickland).

The Court declines to grant habeas relief on grounds two, six, and seven. Deference is due to the state court's decision.   In denying post-conviction relief, the trial court properly applied the two-pronged Strickland standard of review.   Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected this claim based on Strickland.   Further, Petitioner has not shown the state court unreasonably applied Strickland or unreasonably determined the facts.   Indeed, upon review, the state court was objectively reasonable in its Strickland inquiry.   Furthermore, the 1st DCA affirmed the decision of the trial court.

Upon due consideration, the Court finds the state court's determination is consistent with federal precedent.   The circuit court found Petitioner failed to satisfy the prejudice prong set forth in Strickland.   The 1st DCA's decision, although unexplained, is entitled to AEDPA deference.   Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In brief, the state court's adjudication of the claim is not contrary to or an

unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.   Therefore, grounds two, six, and seven are due to be denied.

## VIII.   GROUND THREE

Petitioner concedes that he is not entitled to federal habeas corpus relief on this ground.   Reply at 23.   Therefore, it is due to be denied.

## IX.   GROUND FOUR

> Ground Four:   Petitioner's plea was involuntary where the plea was under influence by counsel's coercion, depriving him of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution.

Petition at 12.

Petitioner claims he was unduly influenced/coerced into entering his guilty plea based on counsel's certainty of a life sentence and fear of counsel's unpreparedness.   <u>Id</u>. at 13.   Petitioner concedes he did not exhaust that part of ground four relying on his contention that he feared counsel's lack of preparation, but he relies on <u>Martinez</u> and this Court will undergo a merits analysis for this part of ground four.   <u>See</u> Reply at 24-25.

 With respect to that portion of ground four in which Petitioner claims he was unduly influenced/coerced into entering his guilty plea based on counsel's certainty of a life sentence, Petitioner raised a comparable claim in

24

ground four of his amended Rule 3.850 motion, exhausting his state court remedies.   Ex. JJ at 63-64.   Petitioner appealed.   <u>Id</u>. at 214.   The 1st DCA affirmed.   Ex. KK.

The record shows Petitioner timely moved to withdraw his plea.   Ex. HH.   Petitioner claimed his counsel forced him to accept a plea and Petitioner was under duress when he accepted the plea.   <u>Id</u>. at 1.   The trial court, in a detailed order, denied the motion to withdraw the plea.   Ex. II.   Initially, the court found Petitioner had sufficiently alleged an adversarial relationship with counsel, but the court denied the motion because the record conclusively refuted the allegations.   <u>Id</u>. at 1-2.   Relying on the content of the plea form and the plea colloquy, the court found Petitioner was fully aware of the ramifications of his plea and he entered the plea knowingly, intelligently, and voluntarily.   <u>Id</u>. at 3.   The court found Petitioner's allegations refuted by the record.   <u>Id</u>.   In doing so, the court found that the judge "fully advised Defendant of the nature of the charge he faced, including the statutory offense, felony degree, and maximum possible sentence."   <u>Id</u>. at 1-2.

The circuit court addressed Petitioner's claim that he was coerced into entering a plea due to counsel's certainty that he would receive a life sentence. Ex. JJ at 122.   The court noted that Petitioner raised that same claim in his motion to withdraw his plea, he had the option to appeal that order, but he

failed to do so.   Id.   The court further addressed the assertion or suggestion that counsel had advised Petitioner that a life sentence was the only possible outcome if convicted.   Id.   The court, assuming arguendo that counsel had so advised Petitioner, concluded that the trial court correctly advised Petitioner of the potential maximum sentence during the plea colloquy, explaining Petitioner was entering a plea **to a life felony, carrying a sentence of years up to forty years or a life sentence, with a mandatory term of twenty years for the discharge of a firearm**.   Id. (emphasis added).   Thus, the court found any misadvice by counsel was corrected by the court during the plea proceeding and Petitioner "cannot claim he entered the plea not knowing of the potential maximum sentence[.]" Id. at 122-23.

During the plea colloquy, Mr. Neal announced that Petitioner was pleading guilty with the understanding he would be adjudicated guilty and sentenced to the twenty years minimum mandatory.   Ex. FF at 3.   The court asked the degree of the felony and was informed it was a life felony.   Id. at 4. The court inquired:

> Mr. Jackson, your attorney has entered a plea of guilty to a charge of attempted murder in the first degree, **which is a life felony because of a firearm being involved, which means you would face a maximum sentence of up to 40 years or life as charged, with a minimum mandatory of 20 years**

**because of the discharge of a firearm.**  Did you authorize him to enter that plea of guilty?

<u>Id</u>. at 5 (emphasis added).   Petitioner responded affirmatively.   <u>Id</u>.

Of import, Petitioner signed the Plea of Guilty and Negotiated Sentence. Ex. EE.   It states: "I have not been threatened, coerced, or intimidated by any person, including my attorney, in any way in order to get me to enter this plea." <u>Id</u>. at 1.   After being sworn in at the plea proceeding, Petitioner attested that he had read the plea form; he went over the form with his attorney; his attorney had answered his questions; he understood he was giving up rights by entering the plea, his attorney had done everything that Petitioner felt was necessary to prepare the case for trial or for the disposition of the case; he was not under the influence of drugs, substance, or condition affecting his understanding of the plea and its consequences; he had enough time to think about the plea; and, he had no questions about the plea or its consequences.   Ex. FF at 4-7.   The parties stipulated to the factual basis for the plea.   <u>Id</u>. at 8.   The court found the plea freely and voluntarily entered, with a full understanding of its nature and consequences, and found a factual basis for the entry of the plea, relying on the stipulations of counsel and a review of the arrest warrant and affidavit. <u>Id</u>. at 9.   The court adjudicated Petitioner guilty and sentenced him to 20 years and stated the sentence would carry a 20-year minimum mandatory term

for the discharge of a firearm during the commission of the offense.   <u>Id</u>. at 9-

10.

The Affidavit for Arrest Warrant provides:

> Your affiant is an officer with the Jacksonville Sheriff's Office and has been employed with them for approximately 20 years.   The suspect [Howard James Jackson] and the victim are married, but estranged. The victim was driving down Hendricks Avenue when she noticed the suspect was following her in another vehicle.   The victim pulled into a hotel parking lot and the suspect followed.   The suspect then pulled out a handgun and fired about five shots at the victim while she was still sitting in her vehicle.   The victim attempted to flee the area but the suspect pursued her. The suspect proceeded to ram his vehicle into the victim's vehicle.   The suspect abandoned the crashed vehicle and fled on foot.   Your affiant observed five bullet holes on the victim's vehicle.   Several witnesses observed the suspect chase the victim and shoot a gun at her vehicle.

Ex. B, Affidavit for Arrest Warrant.

Petitioner stated in the plea form he was entering his plea of guilty "because I am guilty."   Ex. EE at 1.   Based on the plea colloquy, he knew he was charged with a life felony and was facing a maximum sentence of up to 40 years or life as charged, with a minimum mandatory of 20 years because of the discharge of the firearm.   <u>Id</u>. at 5.   In reaching its decision to accept the plea, the trial court considered the Affidavit for Arrest Warrant, thereby indicating that not only would Petitioner's estranged wife testify as to the shooting, but

several witnesses would be able to testify that Petitioner chased the victim and shot a gun at her vehicle.   Ex. B.   Petitioner avoided facing a life sentence by pleading to a negotiated sentence.   He received the benefit of the bargain. Moreover, the court's sentence was within the terms of the agreement.

The second amended information charged Petitioner with attempted murder in the first degree, alleging Petitioner attempted to unlawfully kill the victim by shooting at her, and during the commission of the offense, carried, displayed, used, threatened to use, or attempted to use a firearm and possessed and discharged the firearm.   Ex. P.   The judgment and sentence are also contained in the record before this Court.   Ex. GG.   In accordance with the terms of the plea agreement, Petitioner was adjudicated guilty and sentenced to 20 years with a mandatory minimum term of 20 years.   Id.

Petitioner faces the formidable barrier of his sworn testimony and representation at the plea hearing and the written statements in the signed plea form.   His solemn declarations are not taken lightly and carry a strong presumption of verity.   Petitioner's contentions to the contrary are wholly incredible in view of the record.   Also, his attempt to go behind his previously sworn testimony is not well received.

In undertaking its review, the circuit court identified Strickland as the applicable authority governing claims of ineffective assistance of counsel and

29

recognized that where a defendant has entered a guilty plea, the seminal case of <u>Hill v. Lockhart</u> is the other guiding source of applicable Supreme Court law. Ex. JJ at 114. Here, the state court properly applied the two-pronged <u>Strickland</u> standard of review and recognized the applicability of <u>Hill</u> with respect to an ineffective assistance challenge to the voluntariness of a guilty plea. Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected the claim based on <u>Strickland</u> and <u>Hill</u>. Furthermore, Petitioner has failed to show that the state court unreasonably applied <u>Strickland</u> and <u>Hill</u> or unreasonably determined the facts. Indeed, the state court was objectively reasonable in its inquiry and the 1st DCA affirmed the circuit court's decision.

Applying the look through presumption described in <u>Wilson</u>, the state court's ruling is based on a reasonable application of the law. The state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> and <u>Hill</u> or based on an unreasonable determination of the facts. Thus, this part of ground four is due to be denied.

To the extent Petitioner claims he was unduly influenced/coerced into entering his guilty plea based on his fear of counsel's unpreparedness, Petitioner has shown neither cause nor prejudice for failure to properly present this claim in the state courts. As such, the claim is unexhausted and

30

procedurally defaulted.   As previously noted, Petitioner relies on <u>Martinez</u>. As such, the Court will undergo a merit analysis for this portion of ground four.

Petitioner seeks federal habeas relief claiming his plea of guilty was involuntary as being a product of trial counsel's ineffectiveness.   The record belies this assertion.   Of course, Petitioner was represented by various counsel over the years, but the record shows that his attorneys were actively investigating the case and preparing for trial or other disposition.   Of note, the record demonstrates counsel investigated Petitioner's mental health history and status; engaged in discovery and took depositions; considered the development of an agreed disposition back in 2012; received and considered forensic reports; considered relying on a battered spouse syndrome defense; and pursued rulings on evidentiary motions.   Ex. F; Ex. I; Ex. J; Ex. U; Ex. O.

After extensive development of the defense's case, on March 21, 2013, the trial court appointed Mr. Neal to represent Petitioner.   Ex. AA.   By March 26, 2013, Petitioner decided to proceed pro se.   Ex. A at 36-37.   The docket shows Mr. Neal became stand-by counsel.   <u>Id</u>. at 36-42.   Petitioner did not seek appointed counsel until September 19, 2013.   <u>Id</u>. at 42.   Thus, any failure in preparation from late March to late September 2013 falls on Petitioner himself.   Thereafter, after several status hearings, the court, on January 22, 2014, conducted a final pretrial conference.   <u>Id</u>. at 43.   Jury

selection was to begin April 7, 2014, but that is the date Petitioner entered his plea.   Id. at 43-44.

As to Petitioner's current assertion that he was coerced into pleading guilty because Mr. Neal was unprepared, the record belies this assertion.   The defense's case had been developed by various defense counsel for years.   At the plea colloquy, in response to the question had counsel done everything Petitioner felt was necessary to prepare the case for either trial or disposition, Petitioner responded yes.   Ex. FF at 6.   Again, Petitioner's solemn declarations made in open court carry a strong presumption of verity. Petitioner's current statements to the contrary are wholly incredible.   There was a wealth of preparation by numerous attorneys, and Mr. Neal was appointed not long before trial due to Petitioner's own actions of electing to proceed pro se for an extended period in 2013.

Petitioner cannot now go behind his sworn declarations.   He expressed satisfaction with counsel and his preparations in open court.   Although Petitioner may now be dissatisfied with his decision to plead guilty to a negotiated sentence, the record shows the sentence complies with the plea agreement and the trial court was assured by Petitioner that he was satisfied with counsel's legal representation and preparation.

In failing to demonstrate Mr. Neal's performance was deficient, Petitioner has failed to show the underlying claim of ineffective assistance of trial counsel has some merit. Indeed, counsel's performance did not fall outside of the range of reasonably professional assistance. Since Petitioner has failed to demonstrate the underlying ineffective assistance of counsel claim is a substantial one, he does not fall within the narrow exception set forth in Martinez. See Clark v. Comm. Ala. Dep't of Corr., 988 F.3d 1326, 1330 (11th 2021) ("Martinez is of no help because [Petitioner] has not presented a 'substantial claim' that his trial counsel rendered ineffective assistance[.]")

In sum, the Court finds this part of ground four does not have some merit. As Petitioner has failed to demonstrate the underlying ineffective assistance of counsel claim is a substantial one, the narrow exception set forth in Martinez is inapplicable and does not excuse the procedural default of this part of ground four. Thus, Petitioner has failed to establish cause for the procedural default of his claim raised in ground four concerning counsel's unpreparedness and the Court finds Petitioner's default is not excused. Accordingly, this part of ground four is deemed procedurally barred and ultimately defaulted. Therefore, Petitioner is not entitled to habeas relief on ground four.

## X.   GROUND FIVE

> Ground Five:   Trial counsel's cumulative errors and omissions constitute ineffective assistance of counsel.

Petition at 14.

As the Eleventh Circuit has opined, "to the extent that [a] claim of cumulative error was based on his claims of ineffective assistance of counsel, this claim fails because, as discussed above, counsel did not render ineffective assistance, and, therefore, there can be no cumulative error."   Pierre v. United States, No. 18-12038-A, 2019 WL 5967873, at *2 (11th Cir. May 30, 2019) (citing United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011) (if no error or only a single error, there can be no cumulative error)).   As such, the cumulative effect of Petitioner's grounds of ineffective assistance of counsel does not provide the foundation for granting federal habeas relief since none of his grounds provide a basis for federal habeas relief.   As such, ground five is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.     If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[7]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of August, 2021.

BRIAN J. DAVIS
United States District Judge

sa 7/30
c:
Howard James Jackson
Counsel of Record

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.